# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AMERIKA LALOULU, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:09CV1192 DJS |
| STATE OF MISSOURI, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's pro se "petition for probation time credit." For the following reasons, the Court finds that the petition should be summarily dismissed.

Petitioner, an inmate at Tipton Correctional Center in Tipton, Missouri, asserts that this Court should intervene in his state criminal action in Jackson County, Missouri, and direct the judge in that action to credit his probation time toward his criminal sentence.

Petitioner did not indicate the statute under which he was filing the current petition. As such, the Court will analyze the petition as if it had been brought according to 28 U.S.C. § 2241 and § 2254 as well as under the mandamus statute, 28 U.S.C. § 1651.

A district court's jurisdiction over writs filed pursuant to 28 U.S.C. § 2241 is geographically limited to the judicial district in which petitioner's custodian is located. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Petitioner is currently confined at Tipton, Missouri, which is in Moniteau County, Missouri. Petitioner's custodian, therefore, is located within the Western District of Missouri. Consequently, this Court lacks jurisdiction to grant a writ brought pursuant to 28 U.S.C. § 2241, and this case is subject to dismissal under Rule 12(h)(3) of the Federal Rules of Civil Procedure.

To the extent that petitioner is seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, petitioner's claims are not properly before the Court because he has not exhausted his state remedies with respect to these claims.

Under 28 U.S.C. § 2254(b)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (I) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

It is apparent on the face of the petition and the exhibits attached to it that petitioner has not exhausted his adequate and available state remedies with respect to

the issues he asserts. The issue of credit for time served on probation certainly is cognizable under direct review or in an application for writ of habeas corpus brought pursuant to Rule 91 of the Missouri Supreme Court Rules. C.f. Wayne v. Missouri Bd. of Prob. and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996) (Missouri inmates may challenge parole decision by bringing a declaratory action against the Board of Probation and Parole, by filing a state petition for habeas corpus under Rule 91, or by filing a petition for writ of mandamus). It does not appear from the record that petitioner has availed himself of any of these potential remedies. Nor has petitioner alleged that circumstances exist that render these potential remedies ineffective to protect his rights. As a result, the current petition is subject to dismissal under 28 U.S.C. § 2254 for failure to exhaust administrative remedies.

Lastly, if petitioner is seeking a writ of mandamus, the Court notes that it would not have jurisdiction over the petition. This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. 28 U.S.C. § 1651(a); Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County, 323 F.2d 485, 486 (8th Cir. 1963). The actions of the state court are not currently within the jurisdiction of this Court. Middlebrooks, 323 F.2d at 486. Consequently, the writ should be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's "petition for probation time credit" is **DISMISSED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this __25th__ Day of August, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE